WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Hammitt,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Northeast Collection Bureau, Inc.,<br><br>　　　　　　Defendant. | No. CV-14-00391-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff David Hammitt's Motion for Default Judgment (Doc. 12). Oral argument has not been requested.

On February 28, 2014, Plaintiff filed a Complaint (Doc. 1) against Defendant Northeast Collection Bureau Incorporated, bringing claims for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. Default was entered against Defendant under Rule 55(a) of the Federal Rules of Civil Procedure (*see* Doc. 9). Therefore, the Court has discretion to grant default judgment pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

Factors the Court considers in deciding whether to grant default judgment include: (1) the possibility of prejudice to Plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th

Cir. 1986). In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Upon review of Plaintiff's proof of service (Doc. 7), the Court finds that the Defendant has been properly served as required by Rule 4 of the Federal Rules of Civil Procedure. Defendant was served on March 4, 2014, in a manner authorized by the State in which this District Court sits under Rule 4.2(c) of the Arizona Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e)(1). The Court further finds that it has federal-question jurisdiction under 28 U.S.C. § 1331, that venue is proper in this Court because a substantial part of the events giving rise to this claim occurred in this judicial district, and that it has personal jurisdiction over Defendant because their conduct caused harm in this district and they had or should have had an expectation to be hauled into court in this district.

Having considered Plaintiff's motion, which addresses each of the *Eitel* factors (*see* Doc. 12 at 8-12), the Court finds that granting default judgment for Plaintiff is appropriate. Defendant has not made an appearance in this case, and the allegations are undefended. Although service was made, Defendant has failed to appear and defend this suit for approximately four months. Consequently, the Court concludes that Defendant's default is not due to excusable neglect. The complaint alleges several violations of the FDCPA by Defendant, *see*, *e.g.*, 15 U.S.C. §§ 1692b(2), 1692c(b), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), 1692f(1), and the material facts required to establish such violations have been sufficiently pled against the Defendant. Defendant's absence from this case precludes a decision on the merits. Accordingly, the Court will take all factual allegations in Plaintiff's complaint, except those relating to the amount of damages, as true, and finds Defendant liable for the conduct alleged.

Having determined liability, the remaining issue is appropriate relief. In a default judgment action, the amount of damages will not automatically be assumed true. *See Geddes*, 559 F.2d at 560 (stating that "the factual allegations of the complaint, except

those relating to the amount of damages, will be taken as true"). Here, Plaintiff requests actual damages, statutory damages, costs, and attorney fees.

First, as to statutory damages, the FDCPA permits a statutory award of up to $1,000.00 against each liable debt collector. 15 U.S.C. § 1692k(a)(2)(A). Here, Defendant called Plaintiff's mother demanding payment of Plaintiff's alleged debt, discussed with her concerning Plaintiff's purported debt, and threatened her that unless the debt was paid that day, a warrant would issue for Plaintiff's arrest. In light of the nature of the conduct used by Defendant in connection with the collection of Plaintiff's alleged debt, the Court will award Plaintiff statutory damages in the amount of $1,000.00. Second, Plaintiff's costs and attorney fees are well-documented (*see* Doc. 12). The Court finds the evidence supports the costs requested and the requested fees are reasonable, and will therefore award $3,430.00 in attorney's fees and $407.40 in costs pursuant to 15 U.S.C. § 1692k(a)(3).

Lastly, the FDCPA permits actual damages sustained as a result of the debt collector's conduct. 15 U.S.C. § 1692k(a)(1). Plaintiff has submitted an affidavit stating that Plaintiff's mother paid Defendant $345.00 for Plaintiff's alleged debt, for which Plaintiff was required to repay to his mother. (*See* Doc. 12-2 at 2.) However, Plaintiff has presented no evidence in support of this statement, such as proof of payment of this amount by Plaintiff's mother to Defendant, or payment of this amount from Plaintiff to his mother. Therefore, the Court cannot, on the record before it, determine that actual damages should be awarded. Plaintiff will, however, be offered an opportunity to submit evidence to the Court sufficient to establish the amount of actual damages. Accordingly,

**IT IS ORDERED:**

1. That Plaintiff's Motion for Default Judgment (Doc. 12) is **granted** as set forth above;

2. That Plaintiff is awarded statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of **$1,000.00** against Defendant;

3. That Plaintiff is awarded costs and attorney fees pursuant to 15 U.S.C. §

1692k(a)(3) in the amount of **$3,837.40** against Defendant; and

4. That Plaintiff shall have until **August 4, 2014**, to file evidence in support of its request for actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

Dated this 21st day of July, 2014.

                                              Honorable Steven P. Logan
                                              United States District Judge